BLD-082                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2823
_____

CHARLES FLOYD, JR.,
Appellant

v.

THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA;
JUDGE ROBERT JENNINGS, III; NICOLAS J. LICATA; SEAN D. CORNICK;
JASON TURCHETTA; D. ANTONI; KURT ZITSCH, Parole Officer;
RICHARD ANGLEMEYER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 16-cv-01420)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2017

Before:  AMBRO, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles Floyd, Jr., appeals from the District Court's orders dismissing his complaint under 28 U.S.C. § 1915(e)(2) and denying his motion for appointment of counsel. We will summarily affirm.

In October 2016, Floyd filed a vague and factually disjointed amended complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. Floyd named as defendants: the Commonwealth of Pennsylvania; the Pennsylvania State Attorney General; Judge Robert Jennings, III; and several detectives and probation officers. Floyd's allegations appear to arise from two related Dauphin County incidents, each of which resulted in his being convicted of drug offenses. Floyd claims that on February 11, 2014, Probation Officer Anglemeyer came to his residence without a warrant. Floyd gave him permission to search his bedroom, wherein the officer found drug paraphernalia. Floyd was advised of his rights. After consenting to another search of his bedroom, which revealed more drug paraphernalia, Floyd was arrested, compelled to give a DNA sample, and then released. He claims that he was not given a court appearance until April 11, 2014, that no affidavit of probable cause was filed with the criminal complaint, that 369 days elapsed until he was sentenced, and that he filed a suppression motion that was ignored.

Floyd claims that on April 11, 2014, Officer Anglemeyer, accompanied by Probation Officer Kurt Zitsch, entered and searched Floyd's residence. Because Floyd appeared to be moving furtively, both probation officers handcuffed Floyd, patted him

2

down, and searched his body and pockets.[1]  Officer Licata arrived with his K-9 unit.

Floyd claims that he gave consent to search his living quarters only, but instead his entire house was searched without a warrant.  The search revealed some aluminum wraps that did not contain cocaine.  As a result of the officers' findings, Floyd was arrested.  At the booking center, 12 packets of powder cocaine were recovered from Floyd's person.

Floyd claims that Officer's Licata and Ishman falsified the date and time of their reports making his arrest and incarceration illegal.  While the exact nature of Floyd's claims is unclear, he appears to be bringing Fourth Amendment and malicious prosecution claims.

Floyd seeks monetary damages, and requests that the evidence from the search of his home be suppressed and returned.

In June 2017, Floyd filed a motion for appointment of counsel, which the District Court denied by order entered on June 13, 2017.  Shortly thereafter, the Magistrate Judge concluded that Floyd's amended complaint failed to state a claim upon which relief could be granted and recommended dismissing his claims with prejudice.  Neither party filed objections.  By order entered on August 8, 2017, the District Court adopted the Magistrate Judge's report and dismissed Floyd's amended complaint with prejudice.

Floyd appeals both the June 13, 2017, and August 8, 2017 District Court orders.  He also seeks the appointment of counsel.

---

[1] It is unclear from the amended complaint and the exhibits what exactly was in Floyd's pockets, but at some point, Floyd was found to be in the possession of two cell phones and $396 in cash.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Floyd has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over the District Court's order dismissing Floyd's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We address matters that are relatively straightforward first. We agree with the District Court that Floyd has failed to allege any action in his amended complaint that would be adequate to demonstrate personal involvement on the part of Judge Jennings or the Pennsylvania Attorney General in connection with any claim. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). We further conclude that the doctrine of sovereign immunity protects the Commonwealth of Pennsylvania from liability. The Eleventh Amendment bars suits in federal court by private parties against states, state agencies, and state officials in their official capacities, absent consent by the state, see Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-70 (1997), and no exception applies here, see Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000).

Floyd's claims of malicious prosecution and fabrication of evidence, in which he alleges that Officers Turchetta, Antoni, Licata, and Isman mixed up the times stated in the reports and docket numbers from which evidence was obtained, and that a deposition transcript was falsified because it lacks a docket number, signature, and certification, are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional

4

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff bringing a § 1983 action must prove that his conviction or sentence has been reversed on appeal, expunged, or called into question. Id. at 486-87. Because Floyd's malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by Heck. See 512 U.S. at 489; see also Bradford v. Scherschligt, 803 F.3d 382, 388-89 (9th Cir. 2015) (treating claim alleging fabrication of evidence in the same way as claim of malicious prosecution for accrual purposes).

We turn now to Floyd's Fourth Amendment claims. Floyd claims that several officer defendants violated the Fourth Amendment in connection with the searches and arrests that were performed on February 11, 2014, and April 11, 2014. First, because Floyd was on probation, the officers did not need probable cause or a warrant to enter his home or search his home or bedroom on the dates in question. See United States v. Knights, 534 U.S. 112, 121 (2001) (holding that search of probationer's residence supported by reasonable suspicion did not violate Fourth Amendment); 42 Pa. Cons. Stat. § 9912(d)(2) (providing that state probation officers may search and seize the property of offenders "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision"). Floyd does not allege that the officers lacked reasonable suspicion to enter his home or search his home and bedroom. In fact, Floyd states in his amended complaint that "[h]e gave consent to search living quarters,

5

as always." Similarly, because the possession of drugs and drug paraphernalia violated the terms of Floyd's probation, the officers were permitted to seize the evidence without a warrant. See 42 Pa. Cons. Stat. § 9912(b).

Floyd also alleges that Detective Cornick and Officer Licata arrested Floyd in his home without a warrant on the dates in question. To the extent that Floyd is attempting to raise claims of false arrest, the claims must fail as Floyd does not allege the absence of probable cause, much less any facts from which it can reasonably inferred that Detective Cornick and Officer Licata lacked probable cause to arrest him. See James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). Moreover, the contraband found on Floyd and in his residence gave the officers probable cause to believe that Floyd had committed a crime.[2]

Finally, we conclude that the District Court did not abuse its discretion in denying Floyd's motion for appointment of counsel, and we will likewise deny the motion for appointment of counsel before this Court. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Accordingly, we will summarily affirm the District Court's orders.

---

[2] We agree with the District Court that further amendment would be futile, as Floyd has already been granted leave to amend once and failed to correct the deficiencies in his initial complaint. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (holding "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted").

6